UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHERE FARRELL and              :    **CIVIL NO. 1:07-CV-2324**
KEITH RIVENS,                  :
                               :    (Magistrate Judge Smyser)
            Plaintiffs         :
                               :
        v.                     :
                               :
ASHCOMBE DOVER HOMEOWNERS       :
ASSOCIATION,                   :
                               :
            Defendant          :

## MEMORANDUM AND ORDER

The complaint in this case was filed on December 26, 2007. The plaintiffs are Chere Farrell and Keith Rivens, the owners and residents of a townhouse property in the Ashcombe Dover Development, a residential community in Dover, York County, Pennsylvania. The defendant is the Aschombe Dover Homeowner's Association.

The defendant filed a motion to dismiss the complaint (Doc. 12) on April 24, 2008. A brief in support (Doc. 13) was filed on April 24, 2008. A brief in opposition was filed on May 12, 2008.

The motion to dismiss the complaint involved in part a contention by the defendant that proper service upon it had not been made.  That contention has been withdrawn by the defendant (Doc. 25, filed June 12, 2008) and will not be further addressed.

The complaint alleges that the plaintiffs are "handicapped as defined by the Americans With Disabilities Act."[1]

The complaint alleges that each of the plaintiffs is an African American.  The complaint alleges that upon the plaintiffs' purchase of a residence, a member of the Board of Directors "stated to another neighbor, '[t]here goes the neighborhood, [t]hat nigger don't work so he must be a drug dealer, [w]e don't want them here and will do whatever it takes to run them out of here, and we are going to do everything to make them miserable and make them leave.'" It alleges that each plaintiff is disabled within the meaning of the Social Security

---

1.   The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., does not define anyone as "handicapped" and does not use the terminology "handicapped."

2

Act, that the defendant[2] was aware of the plaintiffs'
disability and that the defendant refused a request of the
plaintiffs to remove snow accumulations of less than three
inches.  The complaint alleges that the refusal of the
defendant to remove snow accumulations of less than three
inches for the plaintiffs, who had requested the accommodation
of snow removal of accumulations of less than three inches, was
a denial "because of [the plaintiffs'] disabilities."


Count I of the complaint is titled as a claim of
unlawful discrimination under the American with Disabilities
Act.  The claim stated in Count 1 is that the defendant's
failure or refusal to remove snow more frequently for the
plaintiffs is a violation of the plaintiffs' rights under

> Section 5(h) of the Pennsylvania Human Relations
> Act 43 P.S. 951-963., Title VII of the Civil
> Rights Act of 1964, 42 U.S.C. Section 2000(e)
> and following, as amended by the Civil Rights
> Act of 1991, 42 U.S.C. § 1983, the Fair Housing
> Act of 1988, 42 U.S.C. § 3601-3619 and the
> American With Disability Act, 42 U.S.C. 12101-
> 2213 and following.

(Doc. 1, page 6).

---

2.  The complaint confusingly refers to "the defendants" in the plural
and refers to the defendant in the possessive adjective case as
"their."

3

The defendant has not sought the dismissal of Count I.

Count II states a claim of unlawful racial discrimination.  It contains factual allegations that the plaintiffs posted "No Trespassing" signs on their property on the advice of the defendant, the defendant's attorney and the local police, for the purpose of keeping the defendant's contractors from trespassing on the plaintiffs' property after an employee of the contractor had damaged the plaintiffs' property and had used racial slurs.  Then the defendant fined the plaintiffs for posting the "No Trespassing" signs.  Other factual allegations supporting the racial discrimination claim are that the plaintiffs were treated differently from white residents by the defendant in threatening the plaintiffs with a fine "for outside storage issues" and "for having a flower border."

The defendant has not sought the dismissal of Count II.

Count III states a claim of retaliation against the plaintiffs by the defendant in that after the plaintiffs filed a Pennsylvania Human Relations Commission formal complaint the defendant attempted to force the plaintiffs to pay unwarranted

fines and costs and attempted to force the plaintiffs to sell their home.

The defendant does not move for the dismissal of the retaliation count.

The remaining three counts state claims for the intentional infliction of emotion distress, for fraud, misrepresentation and deceit and for breach of contract.  The defendant seeks the dismissal of these claims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The complaint seeks punitive damages, and the defendant also asks the court to dismiss the claim(s) for punitive damages.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  In connection with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there

is no actionable claim.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980).  When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff.  *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50.

The defendant argues that the state law claim of the plaintiffs for the intentional infliction of emotional distress should be dismissed because the complaint does not state a claim upon which relief can be granted.  The defendant's position rests initially upon the assertion that such a cause of action does not exist under Pennsylvania law.  Secondarily, the defendant's position is based upon the assertion that the complaint does not allege extreme and outrageous intentional conduct causing emotional distress.

The claim of an intentional infliction of emotional distress is not based upon any specifically identified conduct; i.e., the complaint, which alleges several incidents and concerns (a racially derogatory statement attributed to a

6

member of the defendant's Board of Directors, a refusal by the
defendant to make an exception to a snow removal policy that
was requested by the plaintiffs, fines imposed against the
plaintiffs by the defendant for the posting by plaintiff of "No
Trespassing" signs, and threatened fines for property
characteristics and uses on the plaintiffs' part when similar
characteristics and uses did not give rise to similar threats
when the property owners were white persons).

        The plaintiffs' claim of an intentional infliction of
emotional distress alleges that the described conduct
constituted unfair and inequitable treatment of the plaintiffs,
and that the "[d]efendants [sic] in violating Plaintiffs [sic]
rights, acted in an extreme and clearly outrageous matter [sic]
which was intended to, and did inflict severe emotional
distress upon Plaintiffs, said acts being in reckless disregard
of the likelihood of causing severe emotional distress to
Plaintiffs."

        The defendant's argument to dismiss the claim based
upon the intentional infliction of emotional distress asserts,
but does not demonstrate, that there is not such a cause of
action under Pennsylvania law, and both the defendant and the

plaintiffs cite cases where Pennsylvania and federal courts applying Pennsylvania law have held such a cause of action to be actionable.

The defendant also asserts that the plaintiffs have failed to satisfy a state law pleading requirement of a physical manifestation of the distress and a requirement for the pleading of intentional conduct on the part of a defendant. The complaint does, however, satisfy both requirements.

The defendant argues that the complaint does not state a claim of fraud or misrepresentation upon which relief can be granted.  The plaintiffs assert that their fraud, deceit and misrepresentation theory is that it was represented to them by the defendant that they would be treated fairly without regard to their race or their disabilities and that they relied upon that representation in purchasing their residential property.

Although generally it is not required under the Federal Rules of Civil Procedure that facts be pleaded with specificity, the circumstances constituting fraud must, under Rule 9(b), be stated with particularity.  In the context of this complaint, that requires a pleading of the particular

8

statements made by the defendant to the plaintiffs that the
plaintiffs consider to have constituted a representation that
was not intended as true but was intended rather to induce the
plaintiffs to commit to a residential purchase to which they
would not have committed had the defendant not made the
misrepresentation(s).  Furthermore, as the plaintiff
acknowledges, a fraud claim must be based upon a false
statement as to a past or present fact.  A statement of an
intent or plan to treat another person "fairly" in future
interactions, although the unfair treatment may be unlawful, is
not such a statement.  The plaintiffs' claim of
misrepresentation, deceit and fraud will be dismissed.

The defendant argues that claims stated in the
complaint for punitive damages should be dismissed because,
they assert, the plaintiffs will be unable to prove outrageous
conduct warranting punitive damages.  The defendant's argument
depends upon a characterization of the facts that, as such,
will be resolvable in an evidentiary context, either summary
judgment or trial.  The motion to dismiss the punitive damages
claim(s) will be denied.

9

The defendant argues that the complaint does not plead a claim for a breach of contract upon which relief can be granted.

The complaint does not allege the elements of a contract: offer, acceptance and consideration.  It does not allege when or how an explicit or implicit contract was entered, what the material terms of the contract were, or how the promise(s)made by defendant under the contract were breached.  The complaint alleges that there was a breach of a promise that the plaintiffs would not be subjected to unlawful discrimination as a result of their disabilities and race.  The contention that the plaintiffs gave consideration to defendant in exchange for a contractual promise from defendant not to act unlawfully is prima facia not an actionable claim, because it is a claim of a contract in which the defendant gave no consideration in that the defendant was already committed by law not to commit unlawful acts against the plaintiffs.

In their brief, the plaintiffs assert that the breach of contract was the defendant's withholding of services to the plaintiffs.  The complaint does not cite any services that the defendant contractually agreed to provide and did not provide.

10

The breach of contract claim in the complaint will be dismissed.

**IT IS ORDERED** that the motion to dismiss the complaint is **GRANTED** as to claims stated under Pennsylvania law for fraud, deceit and misrepresentation and for breach of contract. The motion to dismiss the complaint is otherwise **DENIED**.


_**/s/ J. Andrew Smyser**_
J. Andrew Smyser
Magistrate Judge

Dated:  July 1, 2008.